6

THOMAS H. ARMSTRONG #146016
LAW OFFICE OF THOMAS H. ARMSTRONG
5250 N. Palm, Suite 224
Fresno, California 93704
Telephone: (559) 447-4700
Facsimile: (559) 449-2693
lawoffice5250@sbcglobal.net

Attorney for Martha Jean Fair

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

(FRESNO DIVISION)

| | |
|---|---|
| In Re: <br><br> MARTHA JEAN FAIR, <br><br>     Debtor. | Case No. 12-12304-A-7F |
| MARTHA JEAN FAIR, <br><br>     Plaintiff, <br><br> vs. <br><br> BANK OF AMERICA, N.A. & EDUCAP, INC. AND/OR ASSIGNEES; et al. <br><br>     Defendants. | Adv. No. 15-01053-A <br><br> Chapter 7 <br><br> D.C. NO. THA-5 <br><br> DATE: NONE <br> TIME: NONE <br> DEPT.: "A", CT. RM. 11 <br> JUDGE: FREDRICK CLEMENT |

STIPULATION RE SETTLEMENT OF PLAINTIFF'S NONDISCHARGEABILITY CLAIMS AGAINST NATIONAL COLLEGIATE STUDENT LOAN TRUSTS 2006-1, 2006-2, 2006-4, 2007-2 AND, 2007-4

LAW OFFICE OF
THOMAS H. ARMSTRONG
5250 N. Palm, Suite 224
Fresno, CA 93704

STIPULATION RE SETTLEMENT OF PLAINTIFF'S NONDISCHARGEABILITY CLAIMS AGAINST NATIONAL COLLEGIATE STUDENT LOAN TRUSTS 2006-1, 2006-2, 2006-4, 2007-2, AND 2007-4

1         Martha Jean Fair, the Debtor and Plaintiff ("Fair") in
2  the above-captioned Adversary Proceeding, by and through her
3  attorney of record, Thomas H. Armstrong, and National Collegiate
4  Student Loan Trusts, 2006-1, 2006-2, 2006-4, 2007-2, and 2007-4
5  ("National"), by and through its attorney of record Raymond F.
6  Moates, III, Esq. of Weltman, Weinberg & Reis Co., L.P.A., enter
7  into this Stipulation Re Settlement of Fair's Nondischargeability
8  Claims against National ("Stipulation") and jointly represent as
9  follows:

**RECITALS**

11      A.    Fair filed a voluntary petition for relief under
12 Chapter 7 of the United States Bankruptcy Code on March 16, 2012.
13 Her discharge was entered on June 20, 2012.

14      B.    Fair commenced the above-captioned adversary
15 proceeding on April 22, 2015 seeking to discharge her obligations
16 under various student loans as an undue hardship under the
17 provisions of 11 U.S.C. §523(a)(8).

18      C.    National timely answered the adversary complaint,
19 and as stipulated between Fair and National, filed an Amended
20 Answer on August 27, 2015. As set forth in National's Amended
21 Answer, the collective approximate balance due as of the charge
22 off date under its seven (7) student loans approximated
23 $178,734.07.

24      D.    Considering the costs and time associated with
25 litigating Fair's claims set forth in the adversary complaint,
26 Fair and National agreed to attempt to mediate the matter through
27 the Bankruptcy Dispute Resolution Process ("BDRP").
28 / / / /

LAW OFFICE OF
THOMAS H. ARMSTRONG
5250 N. Palm, Suite 224
Fresno, CA 93704

STIPULATION RE: SETTLEMENT OF PLAINTIFF'S NONDISCHARGEABILITY CLAIMS AGAINST NATIONAL COLLEGIATE STUDENT LOAN TRUSTS 2006-1, 2006-2, 2006-4, 2007-2, AND 2007-4

2

E. Leonard K. Welsh, Esq., was appointed as the BDRP Resolution Advocate by order of the Court entered December 9, 2015. By letter dated December 11, 2015, Mr. Welsh provided Fair and National with copies of General Order No. 95-1 regarding BDRP and set January 19, 2016 as the date for the BDRP conference.

F. The BDRP conference occurred on January 19, 2016 at Mr. Welsh's office in Bakersfield, California. Fair and National each submitted confidential BDRP Statements one (1) week prior to the BDRP conference. Fair appeared personally with her attorney, Thomas H. Armstrong. National appeared telephonically as agreed between the parties and Mr. Welsh, with Bradley Luke of Norcrass, Georgia as National's representative, and Raymond F. Moats, III as National's attorney of record.

G. As of the date of the BDRP conference, it was represented by Mr. Luke that the collective approximate balance due to National under its seven (7) student loans approximated $220,000.00.

H. Fair and National were invited to, and did through their respective counsel, make opening statements at the BDRP conference. After hearing opening statements, Mr. Welsh outlined the law and the three (3) prongs needing to be proved to demonstrate an "undue hardship" as set forth in In Re Brunner, 46 B.R. 752 (S.D.N.Y. 1985) *affd.*, 831 F.2d 395 (2nd Cir. 1997) and adopted by the Ninth Circuit in In Re Pena, 155 F.3d 1108, 1112 (9th Cir. 1998). Mr. Welsh then met separately with Fair and her counsel and National with it representative and counsel. At the conclusion of BDRP, Mr. Welsh met with the parties to recite the agreement that follows in the Stipulation.

LAW OFFICE OF
THOMAS H. ARMSTRONG
5250 N. Palm, Suite 224
Fresno, CA 93704

STIPULATION RE: SETTLEMENT OF PLAINTIFF'S NONDISCHARGEABILITY CLAIMS AGAINST NATIONAL COLLEGIATE STUDENT LOAN TRUSTS 2006-1, 2006-2, 2006-4, 2007-2, AND 2007-4    3

## STIPULATION

1. **IT IS HEREBY STIPULATED AND AGREED** that the Recitals set forth above in Paragraphs A through H, inclusive, are fully incorporated herein by reference.

2. **IT IS HEREBY STIPULATED AND AGREED** that Fair shall pay a lump sum payment of $6,000.00 to National in full and complete satisfaction of Fair's obligations to National and without any prejudice to National as to any other obligor under the student loan notes.

3. **IT IS HEREBY STIPULATED AND AGREED** that, following Fair's payment of the $6,000.00 referenced in the preceding paragraph, the remaining balance of Fair's obligations to National under the student loans are discharged as representing an "undue hardship" under 11 U.S.C. §523(a)(8).

4. **IT IS HEREBY STIPULATED AND AGREED** that this Settlement will in no way discharge or relieve any other obligor under any student loan held by National.

5. **IT IS HEREBY STIPULATED AND AGREED** that except as otherwise provided in this Stipulation, each party hereto acknowledges that she or it is familiar with, and voluntarily waives, any right or benefit arising from Section 1542 of the Civil Code of the State of California which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

6. **IT IS HEREBY STIPULATED AND AGREED** that no representation or promise not explicitly contained herein has been made and the Parties further acknowledge that they are not

LAW OFFICE OF
THOMAS H. ARMSTRONG
5250 N. Palm, Suite 224
Fresno, CA 93704

STIPULATION RE: SETTLEMENT OF PLAINTIFF'S NONDISCHARGEABILITY CLAIMS AGAINST NATIONAL COLLEGIATE STUDENT LOAN TRUSTS 2006-1, 2006-2, 2006-4, 2007-2, AND 2007-4    4

entering into this Stipulation on the basis of any promise or representation, express or implied.

        7. **IT IS HEREBY STIPULATED AND AGREED** that all credit reporting associated with Debtor's account will reflect the status of the underlying loan as discharged.

        8. **IT IS HEREBY STIPULATED AND AGREED** that each party hereto acknowledges that he/she has authority to enter into this Agreement.

        9. **IT IS HEREBY STIPULATED AND AGREED** that the Parties acknowledge that they have been represented by independent counsel in the negotiation, preparation and execution of this Stipulation and that each of them has read the Stipulation and has had the opportunity to have it fully explained by their counsel prior to its execution and are fully aware of its contents and legal effect.

        10. **IT IS HEREBY STIPULATED AND AGREED** that this Stipulation may be signed in counterpart. Signatures via facsimile and/or email shall be deemed originals for the purposes for this Stipulation.

/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /

LAW OFFICE OF THOMAS H. ARMSTRONG
5250 N. Palm, Suite 224
Fresno, CA 93704

STIPULATION RE: SETTLEMENT OF PLAINTIFF'S NONDISCHARGEABILITY CLAIMS AGAINST NATIONAL COLLEGIATE STUDENT LOAN TRUSTS 2006-1, 2006-2, 2006-4, 2007-2, AND 2007-4    5

```
 1          IN WITNESS WHEREOF, the Parties have executed this
 2   Stipulation on the date and year written below.
 3
 4
 5   Dated: 1/26/16                    _____
 6                                     Martha Jean Fair, Debtor and
                                       the Plaintiff
 7
 8   Dated: 1/26/16                    _____
 9                                     Thomas H. Armstrong, Attorney
                                       for Martha Jean Fair, Plaintiff
10
11
12   Dated: 2/1/16                     _____
13                                     Raymond F. Moats, III, Weltman,
                                       Weinberg & Reis Co., L.P.A.
14                                     Attorneys for National
                                       Collegiate Student Loan Trusts,
15                                     2006-1, 2006-2, 2006-4, 2007-2,
                                       and 2007-4, Defendant
16
17
18
19   Dated: 2/6/16                     _____
                                       Bradley Luke, Representative
20                                     for National Collegiate Student
                                       Loan Trusts, 2006-1, 2006-2,
21                                     2006-4, 2007-2, and 2007-4,
                                       Defendant
22
```

LAW OFFICE OF
THOMAS H. ARMSTRONG
6250 N. Palm, Suite 224
Fresno, CA 93704

STIPULATION RE: SETTLEMENT OF PLAINTIFF'S NONDISCHARGEABILITY CLAIMS AGAINST NATIONAL COLLEGIATE STUDENT LOAN TRUSTS 2006-1, 2006-2, 2006-4, 2007-2, AND 2007-4     6